IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL MACHEN, | § | |
|     PLAINTIFF-RELATOR, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:23-CV-1282-L-BK |
| | § | |
| STRYKER CORPARATION, ET AL., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this civil action was referred to the United States magistrate judge case management. Upon review, this case should be **DISMISSED WITHOUT PREJUDICE**.

On December 31, 2025, the Court entered an Order dismissing all of Plaintiff's claims without prejudice. The Order provided, *inter alia*:

> Mr. Machen's claims for False Statements and False Claims under 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B) and Conspiracy under 31 U.S.C. § 3729(a)(1)(C) are **dismissed without prejudice** against all Defendants.
>
> A qui tam plaintiff keeps all proceeds from a successful 31 U.S.C. § 3730(h) claim, and the right to bring such a claim belongs only to a qui tam plaintiff. *United States v. Texas Tech Univ.*, 171 F.3d 279 (5th Cir. 1999). As Mr. Machen's claim for Retaliation under § 3730(h) was brought entirely on his own behalf, he may proceed on this claim *pro se*. Mr. Machen may file an amended complaint limited to his § 3730(h) retaliation claim by **January 30, 2026**, which must be served on the defendant(s) against whom this claim is alleged.
>
> * * *
>
> Failure to replead in accordance with the court's directive and the standards enunciated herein will result in dismissal of these claims with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissal of these claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

Doc. 41 at 3-4 (emphasis in original).

As of the date of this Report and Recommendation, Plaintiff Machen has not filed an amended complaint in accordance with the Court's December 31, 2025 Order, nor has he sought an extension of the time to do so.  Thus, for the reasons stated in the Court's December 31, 2025 Order, the claims against all Defendants should be **DISMISSED WITH PREJUDICE**, and the Clerk of the Court should be directed to close this case.[1]

**SO RECOMMENDED** on March 26, 2026.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).

---

[1] A copy of the Court's December 31, 2025 Order (Doc. 41) is attached hereto and incorporated fully herein by reference.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL MACHEN,**[*] | § | |
| | § | |
| Plaintiff-Relator, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:23-CV-01282-L** |
| | § | |
| **STRYKER CORPORATION; BAYLOR,** | § | |
| **SCOTT, AND WHITE HEALTH; DR.** | § | |
| **CHARLES TOULSON; UNITED** | § | |
| **SURGICAL PARTNERS** | § | |
| **INTERNATIONAL, INC.; ARLINGTON** | § | |
| **ORTHOPEDIC AND SPINE HOSPITAL,** | § | |
| **LLC; PHYSICIANS SURGICAL** | § | |
| **HOSPITAL, LCC; EMINENT MEDICAL** | § | |
| **CENTER, LLC; HENDRICK MEDICAL** | § | |
| **CENTER BROWNWOOD; HCA** | § | |
| **HEALTHCARE, INC.; LEGENT** | § | |
| **ORTHOPEDIC HOSPITAL** | § | |
| **CARROLLTON; PSN AFFILIATES, LLC;** | § | |
| **SURGERY PARTNERS, INC.; SOUTH** | § | |
| **TEXAS SURGICAL HOSPITAL; SPRING** | § | |
| **EXCELLENCE SURGICAL HOSPITAL,** | § | |
| **LLC; TEXAS ORTHOPEDIC HOSPITAL;** | § | |
| **THE SAN ANTONIO ORTHOPAEDIC** | § | |
| **GROUP, LLP; AND MEMORIAL** | § | |
| **HERMANN HEALTH SYSTEM,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On June 7, 2023, Plaintiff-Relator Michael Machen ("Mr. Machen" or "Relator"), initiated

this action against Defendants for false statements and false claims under 31 U.S.C. §

3729(a)(1)(A) and (a)(1)(B); conspiracy under 31 U.S.C. § 3729(a)(1)(C); and retaliation under

---

[*] On September 30, 2024, the United States notified the court of its election to decline to intervene in this action but requested that it be given notice and an opportunity to be heard in the event that the parties proposed to dismiss, settle, or otherwise discontinue this action. That request was granted by the court in its order dated October 2, 2024. *See* Docs. 14-15.

**Order – Page 1**

31 U.S.C. § 3730(b). On September 30, 2024, the United States declined to intervene in this action. Doc. 14.

In the court's order (Doc. 26), filed March 11, 2025, the court allowed Mr. Machen's counsel to withdraw and ordered that he must obtain new counsel by April 11, 2025, or inform the court by that date, in writing, that he intends to proceed pro se. Mr. Machen filed motions seeking extensions of this deadline on April 11, 2025 (Doc. 27); June 10, 2025 (Doc. 28); June 11, 2025 (Doc. 29); and August 12, 2025 (Doc. 30). In its order filed on August 26, 2025 (Doc. 31), the court granted an extension of Mr. Machen's deadline to September 26, 2025. Mr. Machen filed a response (Doc. 33) to that order, and the court filed an order on September 26, 2025 (Doc. 32) extending the deadline a final time to December 1, 2025.

Mr. Machen filed a request for a status conference (Doc. 34) on September 26, 2025; a Motion for a Status Conference, Production of "C2A" Communications, and Correction of Docket Errors (Doc. 36) on November 14, 2025; and an Emergency Motion for Stay of Dismissal, Suspension of Retain-Counsel Deadline, Production of "C2A" Communications, and Correction of Docket Errors (Doc. 37) on November 30, 2025. On December 5, 2025, the United States filed its Response to Relator's Motion for a Status Conference and Motion for Stay of Dismissal (Doc. 38). On December 6, 2025, Mr. Machen filed a reply (Doc. 39) ("Reply").

In his Reply, Mr. Machen acknowledges that a relator cannot proceed *pro se* in a False Claims Act qui tam action under current Fifth Circuit precedent; however, he asks that the court "permit Relator to continue in some limited fashion pro se—whether by allowing him to maintain aspects of the action in his own name to protect his retaliation and related interests, by permitting some form of partial pro se participation, or by deferring dismissal to allow additional time for counsel to appear." Doc. 39 at 5-6.

**Order – Page 2**

An individual cannot proceed *pro se* "when he brings an action solely as relator for another non-intervening party." *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir. 2017). Mr. Machen remains unrepresented nine months after his most recent counsel withdrew. The court has issued multiple extensions to Mr. Machen's deadline to retain counsel and **declines** to extend the deadline again. Accordingly, Mr. Machen's claims for False Statements and False Claims under 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B) and Conspiracy under 31 U.S.C. § 3729(a)(1)(C) are **dismissed without prejudice** against all Defendants.

A qui tam plaintiff keeps all proceeds from a successful 31 U.S.C. § 3730(h) claim, and the right to bring such a claim belongs only to a qui tam plaintiff. *United States v. Texas Tech Univ.*, 171 F.3d 279 (5th Cir. 1999). As Mr. Machen's claim for Retaliation under § 3730(h) was brought entirely on his own behalf, he may proceed on this claim *pro se*. Mr. Machen may file an amended complaint limited to his § 3730(h) retaliation claim by **January 30, 2026**, which must be served on the defendant(s) against whom this claim is alleged.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 only requires "notice" pleading. Accordingly, it is not necessary that the pleader set forth each and every element or factual allegation of a claim. The "short and plain statement," however, must contain sufficient allegations of fact "that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993) (internal quotation marks and citation omitted). A pleading must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the plausibility test when a plaintiff pleads sufficient factual content that permits the court to make the reasonable inference that a defendant

Order – Page 3

is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

Failure to replead in accordance with the court's directive and the standards enunciated herein will result in dismissal of these claims with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or dismissal of these claims under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order.

**It is so ordered** this 31st day of December, 2025.

Sam A. Lindsay
United States District Judge

Order – Page 4